FOR THE UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

ESTATE OF ANGELICA OLIVAREZ, by her
Personal Representative, THERESA MEDEL

    Plaintiff,

vs.

CITY OF LANSING, a Municipal Corporation,
OFFICERS JOHN DOE 1-15, jointly and severally

    Defendant.

Case No. 2015-

Hon.

---

SHEEHAN & ASSOCIATES, PLC
Robert D. Sheehan (P44634)
Shawn R. Cioffi (P61914)
Attorneys for Defendant
1460 Walton Blvd. Ste. 102
Rochester Hills, MI 48309
Tel: (248) 650-5366

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Estate of Angelica Olivarez ("Olivarez"), deceased, by her personal representative, Theresa Medal, by and through their attorneys, SHEEHAN & ASSOCIATES, P.L.C., and for their complaint against the above-captioned Defendants, states unto this Honorable Court as follows:

### I. JURISDICTION AND VENUE

1. This matter arises under the Constitution and laws of the United States, including the Fourteenth Amendment, and is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

2. This matter also arises under the common laws of the Constitution of the State of Michigan. This Court maintains jurisdiction over Plaintiff's state claims pursuant to Federal Rule of Civil Procedure 18 and 28 U.S.C. § 1867 as codifies supplemental jurisdiction.

3. This case is instituted in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## II. PARTIES

4. Plaintiff's decedent, Angelica Olivarez, was at all times pertinent hereto, a resident of the State of Michigan and she is survived by the Estate of Angelica Olivarez, by her personal representative, Theresa Medel, the duly designated personal representative of her estate.

5. That the Defendant, the City of Lansing, is a municipal corporation and the public employer of the individual officers named in this complaint and conducts a systematic course of business, including but not limited to the maintenance of a police force and jail in the City of Lansing, County of Ingham, State of Michigan.

6. That at all times pertinent hereto, Officers John Doe 1-15 were residents of the State of Michigan and citizens of the United States of America and were acting under color of state law in their capacity as law enforcement officers employed by the State of Michigan and are sued individually.

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

### III. STATEMENT OF FACTS

7. Plaintiffs re-allege and incorporate by reference each and every allegation contained in Jurisdiction and Parties and all subsequent counts as though more fully set forth in this Complaint, paragraph by paragraph and word for word.

8. On or about February 24, 2013, Michael Lawrence was wanted for the murder of 6-year-old Lay'la Jones in Saginaw.

9. On or about February 24, 2013, Michael Lawrence, while located in the City of Lansing, was detained during an investigation by Lansing Police Officers John Doe 1 and 2. During this stop, a woman with whom he was found was arrested.

10. That on or about February 24, 2013, Officers John Doe 1 asked Michael Lawrence for identification, to which Michael Lawrence responded by providing Officer John Doe 1 with a false name. After searching the Law Enforcement Information Network with the fake name provided by Michael Lawrence, Officer John Doe 1 discovered that the fake named had outstanding warrants associated with it.

11. That on or about February 24, 2013, Officer John Doe 1 attempted to place Michael Lawrence under arrest for the outstanding warrants associated with the fake name that Michael Lawrence had provided Officer John Doe 1, at which time Michael Lawrence told Officer John Doe 1 that the name he had previously given him was not his real name, and proceeded to give Officer John Doe 1 a second fake name.

12. That on or about February 24, 2013, Officer John Doe 1, using the Law Enforcement Information Network, confirmed the date of birth and physical descriptions of Dominque Saxton, the second fake name that Michael Lawrence had given Officer John Doe 1, with the man he was placing under arrest.

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

13. That on or about February 24, 2013, Michael Lawrence was arrested under the second false name of "Dominque Saxton" for providing false information to a police officer. He was then transported and jailed at the Lansing Police Department's detention center for about an hour until he was released on bond.

14. That on or about February 24, 2013, Michael Lawrence was never fingerprinted while in the custody of the Lansing Police Department.

15. Had Michael Lawrence been fingerprinted, the fingerprints would have revealed that the person held under the name "Dominique Saxton" was actually Michael Lawrence and the Lansing Police Department could have arrested Michael Lawrence in connection with the murder of Lay'la Jones.

16. The Lansing Police Department and/or Does 1-15 release a wanted murder suspect who had given them a false name.

17. That on or about April 15, 2013, less than two months after he was released from custody by the Lansing Police Department, Michael Lawrence killed Plaintiff decedent, Angelica Olivarez.

18. That as a result of the Defendants' grossly negligent acts, failure to follow the proper procedures and in complete disregard of local, state, and federal law and constitutional protections that should have been afforded to Plaintiff Angelica Olivarez, she died, and thereby her family has been deprived of her love, companionship and support for the remainder of their natural lives.

19. That at all times pertinent hereto, the Defendant, City of Lansing was obligated to promulgate policies that would protect members of the general public by providing proper and thorough police response in the City of Lansing by not creating

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

4

danger in society and by protecting individuals from persons known to be wanted and dangerous.

## IV. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 Against Individual Defendants – State Created Danger in Violation of the Fourteenth Amendment

20. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

21. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for…

22. Plaintiffs in this action are citizens of the United States and the individually sued Defendant Officers to this claim are persons for purposes of 42 U.S.C. § 1983.

23. Defendants John Doe 1-15, at all times relevant hereto, were acting under the color of state law in their capacity as Lansing Police Department Officers and their acts were conducted within the scope of their official duties of employment.

24. At the time of the complained events, Angelica Olivarez had a clearly established right to be free from state created danger and the right not to be denied of life without the due process of the laws guaranteed by the Fourteenth Amendment.

Sheehan & Associates, P.L.C.
1460 Walton Boulevard
Suite 102
Rochester Hills, Michigan 48309

(248) 650-5366
FAX (248) 650-5368

25. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

26. By reasons of their acts set forth in this complaint, the Defendant individual officers acted under color of state law, with reckless indifference and disregard for plaintiff's physical welfare, safety, life and liberty to the direct deprivation of the rights and privileges and immunities as secured by law and the constitution.

27. Defendants, by failing to properly perform their police duties and apprehend a wanted and dangerous individual who was in Defendant's custody, greatly increased the risk of harm to Angelica Olivarez, who was the former girlfriend of Michael Lawrence. Thus, Defendant created a special relationship with her, in turn creating a duty to protect her from known risks.

28. Defendants failed to properly perform their police duties by choosing not to fingerprint the arrestee when he was in custody at the Lansing jail and after he had previously given a false name that returned with warrants.

29. Defendants affirmatively acted to increase the risk that Angelica Olivarez would be exposed to an act of violence by a third party, which she would not have otherwise been exposed to had Defendants properly performed their duties.

30. Defendants' actions placed Angelica Olivarez specifically at risk due to her relationship with Michael Lawrence. And Defendants knew or should have known that their failure to detain Michael Lawrence, a dangerous person wanted for murder, specifically endangered persons with a close relationship to Michael Lawrence.

## B. SECOND CLAIM FOR RELIEF

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

### Violation of 42 U.S.C. § 1983 Against the City of Lansing – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision of the Fourteenth Amendment

31. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

32. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for...

33. Plaintiff in this action is a citizen of the United States and the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

34. The Defendants to this action at all times relevant hereto were acting under the color of state law.

35. Angelica Olivarez had following clearly established rights at the time of the complained conduct:

   i. The right to bodily integrity under the Fourteenth Amendment

   ii. The right to life under the Fourteenth Amendment

36. Defendants City of Lansing and Officers John Doe 1-15 knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

37. The acts of Defendants City of Lansing and Officers John Doe 1-15, as described herein, deprived Angelica Olivarez of her constitutional and statutory rights and caused her death.

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

7

38. Defendants City of Lansing and Officers John Doe 1-15 are not entitled to qualified immunity for the complained of conduct.

39. Defendants City of Lansing and Officers John Doe 1-15 at all times relevant, were policymakers for the City of Lansing Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

40. Defendants City of Lansing and Officers John Doe 1-15 developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces and proximate causes of the violations of Olivarez's constitutional and federal rights as set forth herein and in other claims.

41. Defendants City of Lansing and Officers John Doe 1-15 created, developed, and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Angelica Olivarez and of the public at large.

42. In light of the duties and responsibilities of those law enforcement officers that participate in arrests and booking of inmates into the Lansing City Jail on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

43. The deliberately indifferent training and supervision provided by Defendants City of Lansing and Officers John Doe 1-15 resulted from a conscious or

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

deliberate choice to follow a course of action from among various alternatives available to Defendants and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

44. As a direct result of Defendant's unlawful conduct, Angelica Olivarez suffered actual physical injuries and death, and other damages and losses as described herein entitling her estate to compensatory and special damages, in amounts to be determined at trial. Further, as a result of the Defendants' unlawful conduct, Angelica Olivarez's estate has incurred special damages and special damages related expenses, in amounts to be determined at trial.

45. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendant's above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training, and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practices of Lansing Police Department, which Defendants City of Lansing and Officers John Doe 1-15 have no intention of voluntarily correcting despite obvious need for such correction.

### C. THIRD CLAIM FOR RELIEF
**Wrongful Death**

46. Plaintiff hereby incorporates all other paragraph of this Complaint as if fully set forth herein.

47. The death of Olivarez was caused by the grossly negligent acts of Defendant Officers John Doe 1-15, and as a direct and proximate cause of the acts of the individually sued Defendant Officers, Olivarez suffered severe injuries, which resulted in her death.

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

9

48. The Plaintiff now seeks compensation for damages as recoverable under Michigan Law.

49. Angelica Olivarez left surviving as her heirs at law next of kin, the following persons with the following relations:

    i. Michael Duane Olivarez, Son

    ii. Theresa Medel, Mother

50. As a direct and proximate cause of the actions of the Defendants in total and individually as alleged herein, Plaintiff's decedent, Angelica Olivarez died.

51. That Plaintiff decedent's heirs at law and next of kin are entitled to damages including loss of love, affection, companionship, parental training and guidance, and financial support, as well as the funeral, burial expense, and any and all amounts recoverable under the statutes and case law of the State of Michigan.

52. That Defendants intentionally did the acts described, all excluded from Government Immunity to Angelica Olivarez causing her severe injuries and death.

### D. FOURTH CLAIM FOR RELIEF
**Gross Negligence**

53. Plaintiff hereby incorporates all other paragraph of this Complaint as if fully set forth herein.

54. Defendant Officers John Doe 1-15, had a duty to protect the public at large.

55. Defendant Officers John Doe 1-15, by failing to fingerprint an arrestee who had previously given them a false name, which after a search on the Law Enforcement Information Network showed that the name had warrants associated with it,

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

acted in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury results, and resulted in a breach of their duty to protect the public at large.

55. But for Defendant Officer John Doe 1-15 failure to fingerprint Michael Lawrence, Plaintiff would not have been murdered.

56. Plaintiff's injuries were foreseeable as she was the former girlfriend of the wanted murderer, Michael Lawrence.

57. Plaintiff suffered damages as a result of Defendants' breach.

## V. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a) Compensatory and consequential damages, including damages for emotional distress, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount greater than $75,000.00 to be determined at trial;

b) Economic losses on all claims allowed by law;

c) Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

d) Attorney's fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

e) Pre- and post-judgment interest at the lawful rate; and

f) Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368

## DEMAND FOR JURY TRIAL

NOW COMES, the above-named Plaintiff, by and through her attorneys, SHEEHAN & ASSOCIATES, P.L.C., and hereby makes a formal demand for trial by jury of facts and issues involved in this cause of action.

Dated: 12-16-15

Respectfully Submitted,

By: _____
Robert D. Sheehan (P44634)
Shawn R. Cioffi (P61914)
1460 Walton Blvd. Suite 102
Rochester Hills, MI 48309
248.650.5366

The foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: 12-16-15

Theresa Medel, as Personal Representative of the Estate of Angelica Olivarez

SHEEHAN & ASSOCIATES, P.L.C.
1460 WALTON BOULEVARD
SUITE 102
ROCHESTER HILLS, MICHIGAN 48309

(248) 650-5366
FAX (248) 650-5368